**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | | |
|---|---|---|
| WILLIAM A. MEEKS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | NO. 3:06-CV-376 PS |
| | ) | |
| EDWARD BUSS, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

On April 25, 2005, an inmate at the Indiana State Prison reported that William A. Meeks had threatened to attack him later that day. The threatened inmate wrote out a statement describing the events. As a result, Meeks was charged with and found guilty of threatening another with bodily harm. He was docked 60 days good time credit as a sanction. Meeks brings this *pro se* habeas corpus petition challenging his 60 day loss of good time credit.

Meeks raises four grounds in this challenge, but all four grounds raise the same issue: that there was insufficient evidence to find him guilty because the threatened inmate's statement – the only evidence against him – should not have been found credible. He correctly argues that there was no evidence from staff or witnesses or physical evidence to corroborate the allegation that he threatened the inmate. He argues that neither he nor his cell were searched for a weapon. Finally, he argues that his two witness statements which supported his contention that he had been threatened should have outweighed the lone statement of his accuser.

The Report of Disciplinary Hearing explained that the reason for the guilty finding was, "The conduct report and witness statements are clear and concise. We believe that the offender

did make the threat. Therefore we find the offender guilty." (Resp. Ex. I1.) The statement from the threatened inmate said:

> Meeks, suddenly stated, you fucking punk ass bitch, I will fuck you up, bitch. Meeks continue to call me other names, Meeks, stated that when he came out for lunch he was going to stick me.

(Resp. Ex. H.)

Meeks argues that the testimony of one witness is not enough, but it plainly is. "[T]he relevant question [in a habeas case] is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985).

> [T]he findings of a prison disciplinary board [should] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks and citations omitted). While the testimony of the threatened inmate may be weak, it is nonetheless "some evidence," and that is all there need be.

Meeks' arguments invite this Court to re-weigh the credibility of the witnesses, but that is not permitted in a habeas corpus proceeding.

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

*McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotations marks and citation omitted).

2

Meeks did not request that his cell be searched, (Resp. Ex. B), but even if such a search had produced no weapon, it is not for this Court to search for contradictory evidence. "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 457 (1985). Therefore, "once the court has found the evidence reliable, its inquiry ends - it should not look further to see whether other evidence in the record may have suggested an opposite conclusion." *Viens v. Daniels*, 871 F.2d 1328, 1335 (7th Cir. 1989).

Additionally, Meeks alleges that the guard did not follow proper policy before writing the conduct report. This court cannot grant habeas corpus relief based on the violation of a prison rule, only for the violation of a federal right. So in this proceeding it doesn't matter whether such a rule was violated. See *Estelle v. McGuire*, 502 U.S. 62 (1991). Even if the DHB violated its own procedures, doing so did not deprive Meeks of due process because those procedures are not federal rights.

For the foregoing reasons, the petition for a writ of habeas corpus is **DENIED**.

**SO ORDERED.**

ENTERED: February 8, 2007

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

3